# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-813-DCK

| | |
|---|---|
| **CONDRA KAY WORLEY,** | ) |
| **Plaintiff,** | ) |
| v. | ) **ORDER** |
| **NANCY A. BERRYHILL,** | ) |
| **Acting Commissioner of Social Security,** | ) |
| **Defendant.** | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Judgment On The Pleadings F. R. Civ. Pro. 12(c)" (Document No. 17) and "Defendant's Motion For Summary Judgment" (Document No. 21). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. After careful consideration of the written arguments, the administrative record, applicable authority, and oral arguments, the undersigned will direct that Plaintiff's "Motion For Judgment On The Pleadings F. R. Civ. Pro. 12(c)" (Document No. 17) be <u>granted</u>; that "Defendant's Motion For Summary Judgment" (Document No. 21) be <u>denied</u>; and that the Commissioner's decision be <u>vacated</u>.

## I.  BACKGROUND

Plaintiff Condra Kay Worley ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On or about April 12, 2012, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, alleging an inability to work due to a disabling condition beginning August 13, 2010. (Transcript of the

Record of Proceedings ("Tr.") 12, 202). The alleged onset date was later amended to April 29, 2013. (Tr. 12).

The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on July 5, 2012, and again after reconsideration on January 3, 2013. (Tr. 12, 106, 116). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.
> We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work.
> It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 116).

Plaintiff filed a timely written request for a hearing on January 14, 2013. (Tr. 12, 124). On April 13, 2015, Plaintiff appeared and testified at a video hearing before Administrative Law Judge Jonathan Baird (the "ALJ"). (Tr. 12, 31-63). The claimant appeared in Gastonia, North Carolina, and the ALJ presided over the hearing from Lawrence, Massachusetts. In addition, Larry Takki, a vocational expert ("VE"), and Vaughn S. Clauson, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on June 16, 2015, denying Plaintiff's claim. (Tr. 9-24). On August 20, 2015, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on September 19, 2016. (Tr. 1-3, 7-8). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on November 23, 2016. (Document No. 1). On May 2, 2017, the parties consented to Magistrate Judge jurisdiction in this matter. (Document No. 15)

Plaintiff's "Motion For Judgment On The Pleadings F. R. Civ. Pro. 12(c)" (Document No. 17) and "Memorandum In Support Of Motion For Judgment On The Pleadings (Document No. 18) were filed June 8, 2017; and "Defendant's Motion For Summary Judgment" (Document No. 21) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 22) were filed September 7, 2017.[1]  Plaintiff's "Reply To Acting Commissioner's Brief In Support Of Motion For Judgment On Pleadings (Doc. 22)" (Document No. 23) was filed on September 21, 2017.

The undersigned held a hearing in this matter on March 28, 2018, allowing the parties one more opportunity to present their arguments. Based on the foregoing, the pending motions are now ripe for review and disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is

---

[1] Plaintiff's "Memorandum…" is not organized as directed by Local Rule 7.2 (b). Failure to abide by the Local Rules may result in a motion being summarily denied.

3

supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between April 29, 2013, and the date last insured.[2] (Tr. 12). To establish entitlement to benefits, Plaintiff has the burden of proving that

---

[2] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fourth step that Plaintiff was not disabled. (Tr. 22).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since April 29, 2013, her amended alleged disability onset date. (Tr. 14). At the second step, the ALJ found that cervical and lumbar disc disease, bilateral knee disorders, diabetes mellitus, chronic obstructive pulmonary disease, hypertension, obesity, major depressive disorder and

history of alcohol abuse were severe impairments.[3] (Tr. 14). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 14).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work activity, with the following limitations:

> occasionally climb ramps, stairs, ladders, ropes and scaffolds. The claimant could frequently crawl, stoop, kneel and crouch. She needed to avoid extreme cold and fumes, odors, dust, gases and poorly ventilated areas. The claimant could perform simple, routine and repetitive tasks. She could not understand, remember or carry out detailed instructions.

(Tr. 16-17). In making his finding, the ALJ stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff could perform her past relevant work as a cashier. (Tr. 22). The ALJ issued alternative findings at the fifth and final step, based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 23). Specifically, the ALJ noted that the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a price marker, a fast food worker, and a night cleaner. (Tr. 23-24). Therefore, the ALJ concluded that Plaintiff was not

---

[3] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

under a "disability," as defined by the Social Security Act, at any time between April 29, 2013, the amended alleged onset date, and the date last insured, December 31, 2014. (Tr. 24).

Plaintiff on appeal to this Court makes the following assignments of error: (1) pursuant to Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015), the RFC determination is inadequate; (2) the ALJ's function-by-function analysis was improper; and (3) the ALJ failed to give appropriate weight to the medical opinion of Dr. Robert Forinash. (Document No. 18, pp.1-2). The undersigned finds that the first alleged error provides sufficient cause for remand.

**RFC Determination – Applicability of Mascio v. Colvin**

In the first assignment of error, Plaintiff argues that the ALJ "fails to incorporate non-exertional limitations on the ability to stay on task where she first found that Worley was moderately impaired in the maintenance of concentration, persistence, or pace." (Document No. 18, p.7). Plaintiff contends that the ALJ's decision is thus inconsistent with the Fourth Circuit's ruling in Mascio v. Colvin:

> we agree with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.' Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

Mascio, 780 F.3d at 638; see also, (Document No. 18, p.8). Plaintiff argues that the RFC is deficient here because the ALJ did not include any limitation or explanation regarding Plaintiff's ability to stay on task and/or the appropriate pace of work. (Document No. 18, p.9).

Defendant contends that remand is not appropriate here based on Mascio. (Document No. 22, p.4). Defendant suggests that even though the ALJ did not explicitly use the words "stay on

7

task," his analysis and citations to the record clearly demonstrate that the RFC is supported by substantial evidence. Id. (citing Ponder v. Berryhill, 1:15-CV-289-RJC, 2017 WL 1246350, at *4 (W.D.N.C. Mar. 31, 2017)). Moreover, Defendant seems to suggest that language in the RFC limiting Plaintiff's ability to understand, remember, or carry out detailed instructions – somehow addresses the ability to stay on task.

The undersigned respectfully disagrees with Defendant's conclusion. The Court is not persuaded that the ALJ adequately accounted for Plaintiff's moderate limitations in concentration, persistence, and pace in his RFC finding. Pursuant to Mascio, the limitation to "simple, routine, repetitive tasks," without more explanation for how Plaintiff's limitations affect her ability to work, is not adequate. As noted above, in Mascio the Fourth Circuit opined that

> the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

Mascio, 780 F.3d at 638.

While Defendant may ultimately be correct that Plaintiff can perform her past relevant work and/or other work in the national economy, the undersigned finds that the ALJ's opinion is deficient based on the Fourth Circuit's decision in Mascio v. Colvin. See also Burnham v. Colvin, 1:15-CV-226-FDW, 2016 WL 3456934 (W.D.N.C. June 21, 2016); Kidd v. Colvin, 1:15-CV-208-GCM-DCK, 2017 WL 443469 (W.D.N.C. Jan. 10, 2017) aff'd by 2017 WL 442898 (W.D.N.C. Feb. 1, 2017); Boyd v. Berryhill, 3:16-CV-069-GCM-DCK, 2017 WL 1080926 (W.D.N.C. Feb. 22, 2017) aff'd by 2017 WL 1086334 (W.D.N.C. March 21, 2017); Shook v. Berryhill, 1:16-CV-105-DCK, 2017 WL 833060 (W.D.N.C. March 2, 2017); Brooks v. Berryhill, 5:16-CV-086-RLV-DCK, (W.D.N.C. March 8, 2017); and Mills v. Berryhill, 3:16-CV-598-DCK, 2017 WL 1682548 (W.D.N.C. Apr. 28, 2017).

This error alone provides sufficient cause for remand.

## IV. CONCLUSION

The Court sincerely appreciates the hearing preparation and oral advocacy of counsel for both parties. The arguments on March 28, 2018, helped narrow the issues and assisted the undersigned's determination. After reviewing the parties' papers and considering the oral arguments at the motions hearing, the undersigned is persuaded that this matter should be remanded for further consideration.

In short, the undersigned is not persuaded that the decision is supported by substantial evidence and applies the correct legal standard for the reasons discussed above. As such, the undersigned will direct that the Commissioner's decision be vacated. On remand, an ALJ should consider all of Plaintiff's alleged errors here.

**IT IS, THEREFORE, ORDERED** that: Plaintiff's "Motion For Judgment On The Pleadings F. R. Civ. Pro. 12(c)" (Document No. 17) is **GRANTED**, to the extent Plaintiff seeks remand for a new hearing; the "Defendant's Motion For Summary Judgment" (Document No. 21) is **DENIED**; and the Commissioner's determination is **VACATED**.

**SO ORDERED**.

Signed: March 30, 2018

David C. Keesler
United States Magistrate Judge